UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,              :

       -against-                                       :               97 Cr. 1293 (WHP)

Peter Rollock,                                        :               ORDER
                              Defendant.     :
------------------------------------------------------------X

WILLIAM H. PAULEY III, United States Senior District Judge:

       Pro se Defendant Peter Rollock moves to terminate his liability for restitution in the amount of $25,400 for funeral expenses relating to the victims of his crimes. (ECF No. 341) For the reasons that follow, Defendant's motion is denied.

       On November 8, 2000, Judge Miriam Goldman Cedarbaum sentenced Rollock principally to multiple life terms of imprisonment and a total of 105 years in consecutive terms of imprisonment. At that time, Judge Cedarbaum also ordered restitution under the Mandatory Victims Restitution Act ("MVRA").

       The MVRA makes full restitution mandatory for certain crimes, including crimes of violence. It allows for termination of restitution on "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." 18 § U.S.C. 3613(b) (emphasis added).

       Under the plain language of Section 3613(b), Rollock is not eligible for termination of his liability for restitution. Even when the 20 year deadline passes from entry of the judgment, Rollock will still be liable for restitution because he remains in prison. Because Rollock is serving multiple life sentences, his liability to pay restitution under Section 3613(b) is in effect indefinite—it will not end until he pays the restitution in full.

Moreover, Section 3613(b) also states that "[i]n the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount." This provision reinforces this Court's conclusion that Rollock cannot escape liability for his restitution obligation. The purpose of the MVRA "is to make victims of the crime whole, to fully compensate victims for their losses and to restore these victims to their original state of well-being." United States v. Qurashi, 634 F.3d 699, 703 (2d Cir. 2011).

Accordingly, given the plain meaning and overarching purpose of the statute, there is no basis for granting Rollock any relief under section 3613(b).

Finally, to the extent Rollock raises issues in his reply papers relating to his conditions of confinement at USP Florence ADMAX, those matters should be raised through the Bureau of Prisons' grievance procedures. Chambers staff will mail a copy of this Order to Defendant.

Dated: February 9, 2021
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.