UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                  Plaintiff,                :
                                                            :     97 Cr. 1293 (LGS)
             -against-                                      :
                                                            :
PETER ROLLACK,                                              :     ORDER
                                  Defendant.                :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 9, 2021, an Order was issued denying Defendant's motion to terminate his liability for restitution;

WHEREAS, on June 3, 2021, Defendant filed a motion for reconsideration of the February 9, 2021, Order *pro se*;

WHEREAS, courts in this district review motions for reconsideration in criminal matters under the standard from "the applicable Local Civil Rules and its accompanying case law." *United States v. Okparaeke*, No. 17 Crim. 225, 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019) (collecting cases). "A motion for reconsideration should be granted only when the defendant 'identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992)); *accord Yang v. Mic Network, Inc.*, No. 18 Civ. 7628, 2020 WL 6562403, at *1 (S.D.N.Y. Nov. 9, 2020). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995));

WHEREAS, Defendant does not identify any change of controlling law, any new evidence, the need to correct a clear error or prevent injustice, but rather (1) rehashes arguments already briefed and rejected by the Court and (2) presents novel arguments not previously briefed.  Nothing in Defendant's memorandum of law suggests a basis for altering the Court's holding that Defendant is not eligible for a termination of his liability to pay restitution under the plain meaning of 18 U.S.C. § 3613(b).  Defendant's new arguments -- that Section 3613(b) unconstitutionally treats people with shorter sentences differently than people with long sentences and that the Inmate Financial Responsibility Program constitutes an improper delegation of the Court's authority to order restitution -- are impermissible attempts at taking a second bite at the apple.  It is hereby

**ORDERED** that Petitioner's motion for reconsideration is DENIED.

The Clerk of Court is directed to mail a copy of this Order to pro se Plaintiff, and close the motions at Docket Nos. 327, 347 and 355.

Dated:  August 17, 2021
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE